UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALCOA CORPORATION, and <br> CITY OF EAST ST. LOUIS, ILLINOIS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 21-cv-1694 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

The United States of America ("United States"), by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

**STATEMENT OF THE CASE**

1. This is a civil action for recovery of costs and performance of work under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986) ("CERCLA"), 42 U.S.C. §§ 9606 and 9607, against Alcoa Corporation and the City of East St. Louis, Illinois (collectively "Defendants").

2. The United States seeks, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), recovery of unreimbursed response costs incurred by it for activities undertaken in response to the release or threatened release of hazardous substances at the second operable unit ("OU 2") within the North Alcoa Site in East St. Louis, Illinois (the "Site").

3. The United States also seeks, pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, injunctive relief requiring Defendants to take action to abate conditions at OU 2 that may pose an imminent and substantial endangerment to the public health or welfare or the environment.

4. Finally, the United States seeks a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), declaring that Defendants are liable for any future response costs that the United States may incur in connection with any subsequent action or actions that may be performed pertaining to OU 2.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to CERCLA Sections 106(a), 107(a) and 113(b), 42 U.S.C. §§ 9606(a), 9607(a) and 9613(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 2201.

6. Venue is proper in this district pursuant to CERCLA Sections 106(a) and 113(b), 42 U.S.C. §§ 9606(a) and 9613(b), and 28 U.S.C. § 1391(b) and (c) because the events giving rise to this claim occurred in this district and because the Site is located in this district.

## DEFENDANTS

7. Defendant Alcoa Corporation is a Pennsylvania corporation that owned and operated OU 2 at the Site, from which there has been a release, or a threatened release, of a hazardous substance which has caused the incurrence of response costs. Alcoa Corporation owned and operated OU 2 at the Site at the time of the disposal of hazardous substances.

8. Defendant City of East St. Louis, Illinois is a municipality that is the current owner of portions of OU 2 at the Site.

9. Each Defendant is a "person" within the meaning of CERCLA Sections 101(21) and 107, 42 U.S.C. §§ 9601(21) and 9607.

## STATUTORY BACKGROUND

10. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

11. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat,…

12. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section —
>
> (1) the owner and operator of a vessel or a facility, [and]
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
>    \*  \*  \*
>
> shall be liable for —
> > (A) all costs of removal or remedial action incurred by the United States Government ...not inconsistent with the National Contingency Plan . . .

## SITE DESCRIPTION

13. The Site occupies approximately 400 acres extending east from the corner of Missouri Avenue and 29th Street, in the 300 block of Missouri Avenue, in the southeastern portion of the City of East St. Louis, and a portion of the City of Alorton, St. Clair County, Illinois. The Site is situated in a broad alluvial valley that is a flood plain of the Mississippi River known as the American Bottoms. The upper boundary of an aquifer exists approximately 30 feet below the Site surface.

14. EPA has divided the Site into three areas, or operable units, for purposes of investigation and cleanup. This Complaint pertains to OU 2, which encompasses surface and soil contamination within an area of approximately 180 acres forming a horseshoe shape surrounding the northern, western, and southern boundaries of OU 1 on the north side of the 300 block of Missouri Avenue, East Saint Louis, St. Clair County, Illinois. OU 1 connects with and is coterminous with the Site boundary to the north and east of OU 2. Alcoa and the City addressed OU 1 contamination through implementation of a Consent Decree with the United States. *United States v. Alcoa, Inc. et al.*, Case No. 13-cv-1126 (MJR) (S.D. Ill. Feb. 6, 2014). EPA intends to address groundwater contamination in OU 3.

15. OU 2 is comprised of 24 separate parcels: (i) nine parcels along Missouri Avenue on the southern border of OU 2 are zoned for and operated for commercial/industrial purposes; (ii) seven parcels along Louisiana Boulevard on the northern boundary are zoned as residential, four of which have houses on the lot; and (iii) eight currently vacant parcels sprinkled throughout OU 2 are owned by the City.

16. OU 2 is a "facility" within the meaning and scope of Sections 101(9) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(9) and 9607(a).

17. The Site is a Superfund Alternative Approach ("SAA") agreement Site (see https://www.epa.gov/enforcement/superfund-alternative-approach. A Site with an SAA agreement requires a long-term response or remedial action, and is eligible for, but is not listed on, the National Priorities List ("NPL").

## SITE BACKGROUND

18. From approximately 1903 to 1957, Alcoa (then known as The Aluminum Company of America), conducted aluminum manufacturing and production operations at its former East Saint Louis Works facility, located on the Site.

19. Alcoa operated the former East Saint Louis Works facility primarily to refine bauxite into alumina. In addition, the East Saint Louis Works produced fluoride, as well as bauxite and fluoride-based chemicals, including cryolite, aluminum fluorides, and sodium acid fluoride.

20. The waste material remaining after alumina is extracted during bauxite refining contains radium, arsenic, chromium, thallium, and lead each of which is a "hazardous substance" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). This waste material is known as "red mud."

21. Starting in the early 1900's, Alcoa placed the red mud in disposal areas at the Site, primarily in three defined units covering approximately 120 acres.

22. Alcoa ceased bauxite refining operations at the former East St. Louis Works facility and, correspondingly, ceased disposing of red mud in approximately 1957. Alcoa ceased all operations at the former East St. Louis Works in approximately 1960.

**GENERAL ALLEGATIONS**

23. In 1996 and 1997, Illinois EPA conducted studies within OU 2 in an effort to assess the property for redevelopment, finding elevated levels of lead, arsenic, cadmium, and cyanide. Studies by the U.S. Army Corps of Engineers in 1999 and EPA in 2000 supported these results.

24. Pursuant to an Administrative Order on Consent ("AOC"), Alcoa completed a Focused Feasibility Study ("FFS") Report that summarized and evaluated information regarding the nature and extent of soil contamination in OU 2. In September 2019, EPA approved the FFS for OU 2 and published a proposed plan for remedial action shortly thereafter.

25. On June 26, 2020, EPA approved the record of decision ("ROD") for OU 2, setting out the remedial action to be implemented.

26. At times relevant to this action, there have been "releases" or threats of "releases," within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a), of hazardous substances into the environment at and from OU 2 at the Site.

27. "Hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been disposed of at OU 2, including radium, arsenic, chromium, thallium, and lead.

28. The United States has taken "response actions," within the meaning of Section 101(25), 42 U.S.C. § 9601(25), at OU 2, including but not limited to providing oversight in the field and managing contractor personnel. The United States continues to take response actions in connection with OU 2.

**FIRST CLAIM FOR RELIEF**
(Reimbursement of Response Costs under Section 107(a) of CERCLA 42 U.S.C § 9607(a))

29. The allegations set forth in paragraphs 1-28 are realleged and incorporated herein by reference.

30. In response to the release or threatened release of hazardous substances at or from OU 2, the United States has incurred response costs for which it has not been reimbursed by Defendants or any other party. The United States continues to incur response costs, including but not limited to the costs of this enforcement action.

31. The United States' activities related to OU 2 and the costs incurred incident to such actions are not inconsistent with the National Contingency Plan, 40 C.F.R Part 300, as promulgated under Section 105(a) of CERCLA, 42 U.S.C § 9605(a).

32. Pursuant to Section 107(a) of CERCLA, 42 U.S.C § 9607(a), the United States is entitled to recover interest on the response costs that it has incurred at OU 2, at the rate that is specified for interest on investments of the Hazardous Substances Superfund established under subchapter of chapter 98 of title 26 of the United States code.

33. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the Defendants are jointly and severally liable to the United States for all response costs that the United States has incurred and will incur with respect to OU 2, including prejudgment interest.

**SECOND CLAIM FOR RELIEF**
(Injunctive Relief under Section 106(a) of CERCLA. 42 U.S.C. § 9606(a))

34. The allegations set forth in paragraphs 1-28 are realleged and incorporated herein by reference.

35. The Director of the Superfund Division of EPA Region 5 has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or

the environment because of a release or threatened release of hazardous substances, including radium, arsenic, chromium, thallium, and lead, at and from OU 2.

36. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate a danger or threat at OU 2.

37. EPA selected a remedy in the OU 2 ROD to abate the dangers and/or threats caused by the hazardous substances in and on OU 2.

38. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the Defendants are liable to perform the remedies identified in the ROD for OU 2 which are necessary to abate the endangerment to the public health or welfare or the environment at OU 2.

### THIRD CLAIM FOR RELIEF
(Declaratory Judgment under Section 113(g) of CERCLA 42 U.S.C § 9613(g))

39. The allegations set forth in paragraphs 1-28 are realleged and incorporated herein by reference.

40. CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), specifies that in any action for recovery of costs under CERCLA Section 107, 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recovery further response costs . . . ."

41. The United States will continue to incur response costs associated with OU 2, including oversight and enforcement costs that are recoverable as response costs under CERCLA.

42. The United States is entitled to entry of a declaratory judgment that Defendants are jointly and severally liable to the United States for future response costs incurred by the United States in connection with OU 2, to the extent that such costs are incurred in a manner not inconsistent with the National Contingency Plan.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

A.      Order the Defendants to perform the remedial actions for the remedies selected in the North Alcoa Operable Unit 2 ROD;

B.      Enter judgment in favor of the United States, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding the Defendants jointly and severally liable for all unreimbursed response costs incurred by the United States in connection with OU 2, including enforcement costs and prejudgment interest;

C.      Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a declaratory judgment of joint and several liability in favor of the United States and against the Defendants that will be binding on any subsequent action or actions to recover further response costs or damages in connection with OU 2;

D.      Award the United States its costs and fees in this action; and

E.      Award such other relief as this Court deems just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/ Michael J. Zoeller
MICHAEL J. ZOELLER
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611


STEVEN D. WEINHOEFT
United States Attorney
Southern District of Illinois


/s/ Nathan E. Wyatt (with consent)
NATHAN E. WYATT
Chief, Civil Division
United States Attorney's Office
Southern District of Illinois
Nine Executive Dr.
Fairview Heights, IL 62208
(618) 628-3700
nathan.wyatt@usdoj.gov

OF COUNSEL:
TAMARA CARNOVSKY
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL 60604