IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALCOA CORPORATION, and<br>CITY OF EAST ST. LOUIS, ILLINOIS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 21-cv-1694 - SMY<br>)<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES' UNOPPOSED MOTION TO ENTER CONSENT DECREE

Plaintiff United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), through its undersigned counsel, respectfully moves the Court to grant the accompanying proposed "Order Entering Consent Decree," and sign and enter the Consent Decree lodged with this Court on December 16, 2021 (hereinafter "Consent Decree"). (Dkt. No. 2). The United States received no comments on the proposed Consent Decree after publishing notice of its lodging in the Federal Register. The United States continues to believe that the settlement is fair, reasonable, and consistent with the relevant statutory purposes. All Parties consent to entry of the Consent Decree.

## BACKGROUND

On December 16, 2021, the United States filed a Complaint in this action against Alcoa Corporation ("Alcoa") and the City of East St. Louis, Illinois ("the City") (collectively, "Defendants") asserting claims under Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L.

No. 99-499. Through the Complaint, the United States seeks: (1) the implementation of a response action not inconsistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300, which is necessary to abate an imminent and substantial endangerment to the public health, welfare, and the environment posed by the presence of hazardous substances at the North Alcoa Superfund Alternative Site, Operable Unit 2 in East St. Louis, St. Clair County, Illinois; and (2) recovery of response costs that the United States has incurred and will incur in responding to the release or threatened release of hazardous substances at and from the Site into the environment.

On December 16, 2021, the United States also lodged with this Court a proposed Consent Decree that resolves its claims against Defendants and any claims it may have had against Howmet Aerospace Inc., a company that resulted from the split up of Alcoa, Inc. (Dkt. No. 2). If approved, the proposed Consent Decree obviates the need for further litigation. The proposed Consent Decree provides for, as to the North Alcoa Site Operable Unit 2: (1) a procedure and structure for payment of the United States' interim and future response costs incurred after March 31, 2020; and (2) development of the remedial design and an agreement to perform, operate, maintain and monitor the remedial action called for in the Statement of Work attached to the proposed Consent Decree. The United States published notice of the proposed Consent Decree in the Federal Register, 86 Fed. Reg. 73,348 (Dec. 27, 2021), and that notice solicited public comment on the Decree for a 30-day period, in accordance with 28 C.F.R. § 50.7 and Department of Justice policy. That public comment period ended on January 26, 2022. The United States received no comments on the proposed Consent Decree. The Settling Parties to the proposed Consent Decree consent to entry of the Decree without further notice. Consent Decree, ¶ 94.

The United States now requests that the Court sign and enter the Consent Decree for the reasons set forth below.

## TERMS OF THE CONSENT DECREE

The proposed Consent Decree obligates the Defendants and Howmet Aerospace Inc. (collectively, the "Settling Parties"), jointly and severally, to complete the remedy selected by EPA's Record of Decision for the North Alcoa Site, Operable Unit 2. EPA's selected remedy is protective of human health and the environment, complies with federal and state requirements that are applicable or relevant and appropriate to the remedial action, is cost-effective, and utilizes permanent solutions and alternative treatment technologies to the maximum extent practical. The selected remedy, estimated to cost $4,110,000, includes: (a) excavation of approximately 40,000 cubic yards of near-surface bauxite waste material to a depth of at least two feet in specified locations within Operable Unit 2, which will be consolidated with similar material in Operable Unit 1; (b) backfilling the excavated areas with a minimum of two feet of soil cover and seeding it in compliance with State regulations; (c) updating or reconfiguring stormwater controls installed as part of the remedy at Operable Unit 1; and (d) placement of institutional and access controls on the property as necessary. The proposed Consent Decree does not address any contaminated groundwater at the North Alcoa Site, which is expected to be addressed in a future Record of Decision. Under this Consent Decree, the Settling Parties receive a covenant not to sue from the United States and protection from contribution actions or claims from other persons for the work performed as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

Under Paragraph 90 of the proposed Consent Decree, this Court would retain jurisdiction for the duration of its performance for the purpose of interpreting and enforcing the terms of the

proposed Consent Decree. The settlement embodied in the proposed Consent Decree constitutes the United States' best efforts to resolve this case in a manner consistent with the interests of the public. As discussed herein, the United States believes that the proposed Consent Decree is fair, reasonable, consistent with the purposes of the CERCLA, and in the public interest.

## STANDARD FOR ENTRY

Voluntary settlement of legal disputes is favored by the courts and is generally perceived to be in the public interest. *See Metropolitan Housing Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980); *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983). The public policy favoring the resolution of litigation through settlements is "particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal agency, like the Environmental Protection Agency ('EPA'), which enjoys substantial expertise in the environmental field." *United States v. BP Exploration and Oil Co.*, 167 F.Supp.2d 1045, 1050 (N.D. Ind. 2001) (citing *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991)); *see also In re Acushnet River & New Bedford Harbor*, 712 F.Supp. 1019, 1029 (D. Mass. 1989) (The "Congressional purpose [of protecting and preserving public health and the environment] is better served through settlements which provide funds to enhance environmental protection, rather than the expenditure of limited resources on protracted litigation"). This deference recognizes both federal administrative agencies' "expertise" and the "federal policy encouraging settlement." *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). As the Seventh Circuit emphasized in affirming a district court's approval of a consent decree:

> Even the most diligent litigator may conclude that settlement is the best option – if only because it frees up enforcement resources for use elsewhere – and to achieve a settlement a litigant must accept something less than its most favored outcome.

*United States v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 792 F.3d 821, 825 (7th Cir. 2015).

The standard of review that a district court must apply in approving a Consent Decree is whether the settlement is fair (both procedurally and substantively), reasonable, and consistent with the goals of the applicable law. *George A. Whiting Paper Co.*, 644 F.3d 368 at 371; *Metropolitan Housing*, 616 F.2d at 1014; *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84-85 (1st Cir. 1990); *Air Line Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines*, 630 F.2d 1164, 1167 (7th Cir. 1980) (settlements should be "fair, reasonable and adequate"); *Donovan v. Estate of Fitzsimmons*, 778 F.2d 308 (7th Cir. 1985); *BP Exploration*, 167 F.Supp.2d at 1049-50; *United States v. Seymour Recycling Corp.*, 554 F.Supp. 1334, 1337 (S.D. Ind. 1982). In examining a consent decree, however, it is not the duty of the court to determine "whether the settlement is one which the court itself might have fashioned, or consider[ed] as ideal . . . ." *Cannons Eng'g Corp.*, 899 F.2d at 84. "In the absence of fraud or collusion, the trial court 'should be hesitant to substitute its own judgment for that of counsel.'" *Ruiz v. McKaskle*, 724 F.2d 1149, 1152 (5th Cir. 1984) (citations omitted); accord *Akzo Coatings*, 949 F.2d at 1435; *United States v. PolyOne Corp.*, No. 13-cv-1550, 2014 WL 2781831 (C.D. Ill. June 19, 2014) (citing *United States v. Wisconsin Elec. Power Co.*, 522 F.Supp.2d 1107, 1112 (E.D. Wisc. 2007)). *See also United States v. Fort James Operating Co.*, 313 F. Supp. 2d 902, 907 (E.D. Wis. 2004).

The standard of review that a district court must apply in approving a Consent Decree is whether the settlement is fair (both procedurally and substantively), reasonable, and consistent with the goals of the applicable law. *See George A. Whiting Paper Co.*, 644 F.3d at 372; *United States v. Lexington-Fayette Urban County Gov't*, 591 F.3d. 484, 489 (6th Cir. 2010); *Cannons

*Eng'g*, 899 F.2d at 84-85; *Air Line Stewards and Stewardesses Ass'n, Local 550*, 630 F.2d at 1167 (settlements should be "fair, reasonable and adequate").[1]

## DISCUSSION

1. <u>The Consent Decree Is Fair</u>

In determining whether a settlement is fair, courts consider factors such as the strength of the plaintiff's case, the complexity and length of the litigation, the amount of opposition to the settlement, the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation. *See Akzo Coatings*, 949 F.2d at 1435 (citing *United States v. Hooker Chem. & Plastics Co.*, 607 F. Supp. 1052, 1057 (W.D.N.Y. 1985)); *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). A consent decree must be both procedurally and substantively fair. *United States v. Wisconsin Elec. Power Co.*, 522 F. Supp. 2d 1107, 1112 (E.D. Wis. 2007) (citing *Cannons Eng'g*, 899 F.2d at 86). A court's review for procedural fairness will consider the negotiation process and whether it was open and at arm's length. *See Wisconsin Elec.*, 522 F. Supp. 2d at 1112. A court's review for substantive fairness will consider concepts of corrective justice and accountability. *Id.* (citing *Cannons Eng'g*, 899 F.2d at 87).

Based on these considerations, the Consent Decree is unquestionably fair. The settlement is the product of arm's-length negotiations between the United States and Defendants after years of negotiation and prior litigation involving the North Alcoa Site. *See*, *e.g.*, *United States v. Alcoa, Inc., et al.*, 13-cv-1126 (S.D. Ill.). Further, the United States provided the public at large

---

[1] An evidentiary hearing is *not* required in order to evaluate a proposed settlement of an environmental enforcement action. *See United States v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1085 (1st Cir. 1994) ("requests for evidentiary hearings are, for the most part, routinely denied – and properly so – at the consent decree stage in environmental cases"); *accord United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040 (8th Cir. 1992).

with an opportunity to comment on the proposed settlement. *See* 86 Fed. Reg. 73,348 (Dec. 27, 2021). No comments were received. *See Akzo*, 949 F.2d at 1435 (noting that the willingness of the government to thoroughly consider all oral and written comments on a proposed decree is a manifestation of the government's good faith).

The proposed Consent Decree is also fair because it reflects the parties' careful and informed assessment of the relative merits of each other's claims, while taking into consideration the costs and risks associated with litigation. In addition to the risks of litigation, settlements can achieve results more quickly than could likely be attained through litigation. *Cannons Eng'g*, 899 F.2d at 90. The United States and Defendants gain the benefit of immediate resolution of claims, while forgoing the opportunity to seek an unmitigated victory. *See Hiram Walker*, 768 F.2d at 889. Finally, the Consent Decree is substantively fair because it achieves relief and enforces accountability without imposing the burdens of protracted litigation on all parties. *See BP Expl. & Oil*, 167 F.Supp.2d at 1054 (a consent decree that settles an environmental enforcement action may reflect a completely appropriate strategic election by the government to negotiate for "extensive relief without the burden of proving its case."); *Akzo*, 949 F.2d at 1436.

    2.    <u>The Consent Decree Is Adequate and Reasonable</u>

The reasonableness of a consent decree is determined by considering "the nature/extent of hazards; the degree to which the remedy will adequately address the hazards; possible alternatives for remedying hazards; and the extent to which the decree furthers the goals of the statute." *Akzo Coatings*, 949 F.2d at 1436 (*citing United States v. Cannons Eng'g Corp.*, 720 F.Supp. 1027, 1038 (D. Mass. 1989)). One of the more important factors "when evaluating whether a proposed consent decree is reasonable is 'the decree's likely effectiveness as a vehicle

for cleansing' the environment." *Lexington-Fayette Urban Cnty Gov't*, 591 F.3d at 489 (quoting *Akzo Coatings*, 949 F.2d at 1437).

In evaluating the reasonableness of a proposed Consent Decree, courts have considered, among other things, the extent to which a consent decree reflects the relative strengths or weaknesses of the Government's case. *United States v. B.P. Exploration*, 167 F. Supp. 2d 1045, 1053 (N.D. Ind. 2001). In this case, there is no certainty that the United States would obtain a better outcome if the claims were litigated to judgment. This settlement requires Defendants to undertake Site clean-up measures and thereby is an effective "vehicle for cleansing" the environment. It also has the benefit of resolving the government's claims without litigation, avoiding a possibly significant devotion of time and resources by the Court and the parties.

   3. <u>The Consent Decree Is Consistent with Applicable Law and in the Public Interest</u>

To evaluate the public interest, "the district court must consider whether the decree is 'consistent with the public objectives sought to be attained by Congress.'" *Lexington-Fayette Urban Cnty Gov't*, 591 F.3d at 490 (quoting *Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983)); *see also BP Exploration*, 167 F. Supp. 2d at 1054 ("the most important factor as to public policy is whether the decree comports with the goals of Congress"). The Court's role "is not to determine whether the resulting array of rights and liabilities 'is the one that will *best* serve society,' but only to confirm that the resulting settlement is 'within the *reaches* of the public interest.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1460 (D.C. Cir. 1995) (quoting *United States v. Western Elec. Co.*, 900 F.2d 283, 309 (D.C. Cir. 1990)) (emphasis in original, citations omitted).

Here, the Consent Decree is consistent with the statutory purposes of CERCLA because it: (1) requires responsible parties to reimburse the Superfund for an appropriate share of interim

and future response costs incurred with respect to implementation of the ROD for Operable Unit 2 of the North Alcoa Site; and (2) allows resources to be put toward cleanup rather than transaction and litigation costs. *See, e.g.*, *Akzo Coatings*, 949 F.2d at 1439; *Davis*, 261 F.3d at 26-27; *Fort James*, 313 F.Supp.2d at 911. In addition, the terms of this Consent Decree are consistent with the model Consent Decree for completion of remedial actions and similar decrees have been entered in numerous other actions, including the consent decree regarding completion of the remedy at Operable Unit 1 of the North Alcoa Site, entered in this court. *See United States v. Alcoa, Inc., et al.*, 13-cv-1126 (S.D. Ill. Feb. 6, 2014).

The Consent Decree also furthers the public interest by encouraging voluntary settlement. *See George A. Whiting Paper Co.*, 644 F.3d at 372 ("trial court must defer to the expertise of the agency and to the federal policy encouraging settlement"). The settlement embodied in the proposed Consent Decree constitutes the United States' best efforts to resolve this case in a manner consistent with the interests of the public. Moreover, additional litigation and a costly trial would drain the time and resources of all parties involved. *See Akzo Coatings*, 949 F.2d at 1436 n.25. The Consent Decree furthers the public interest by achieving the goals of CERCLA without the burden and uncertainty of trial.

The United States received no public comments on the proposed Consent Decree and has discovered no information that would suggest it is inappropriate, improper, or inadequate. As explained above, in its Complaint, the United States seeks reimbursement, under CERCLA Section 107, 42 U.S.C. § 9607, of the costs incurred by the United States in responding to the release and/or threatened release of hazardous substances at Operable Unit 2 of the North Alcoa Site. Under the proposed Consent Decree, the settling parties would reimburse the United States

for its interim and future response costs and would complete the remedy at Operable Unit 2 of North Alcoa Site.

## CONCLUSION

For the foregoing reasons, the proposed Consent Decree is fair, reasonable, and consistent with the statutory objectives of CERCLA. Accordingly, the United States respectfully requests that the Court grant this motion and approve, sign, and enter the proposed Consent Decree as a final judgment in this case.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530


 /s/ Michael J. Zoeller
MICHAEL J. ZOELLER
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

STEVEN D. WEINHOEFT
United States Attorney
Southern District of Illinois

                                     */s/  Nathan E. Wyatt (with consent)*
                                     NATHAN E. WYATT
                                     Chief, Civil Division
                                     United States Attorney's Office
                                     Southern District of Illinois
                                     Nine Executive Dr.
                                     Fairview Heights, IL 62208
                                     (618) 628-3700
                                     nathan.wyatt@usdoj.gov

OF COUNSEL:
TAMARA CARNOVSKY
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL 60604

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2 2022, I electronically filed the UNITED STATES' UNOPPOSED MOTION TO ENTER CONSENT DECREE with the Clerk of Court using the CM/ECF system and is available for viewing and downloading from the ECF system which will send notification of such filing to all counsel of record. In addition, I have served the following counsel by email:

| | | |
|---|---|---|
| Gregory J. Pfeifer | Counsel for Alcoa Corporation | Gregory.Pfeifer@alcoa.com |
| Michael L. Wagner | Counsel for East St. Louis | mwagner@cswlawllp.com |
| Emily T. Lewis | Counsel for Howmet Aerospace | Emily.Lewis@howmet.com |

                                          s/ Michael J. Zoeller
                                          MICHAEL J. ZOELLER
                                          Environmental Enforcement Section
                                          Environment and Natural Resources Division
                                          P.O. Box 7611
                                          Washington, D.C. 20044-7611